# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40921
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

JUAN ROLANDO ZUNIGA-MEDRANO,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-443-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:[*]

Juan Rolando Zuniga-Medrano pleaded guilty to being an alien unlawfully found in the United States and was sentenced within the advisory guidelines range to 46 months in prison. Zuniga-Medrano argues that the district court's reasons for denying his request for a downward variance were inadequate. He also argues that his sentence is substantively unreasonable because the district court erred by (1) denying his request for a downward

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

variance based on sentencing manipulation and (2) relying on an improper sentencing factor.

Because Zuniga-Medrano did not object to the sufficiency of the district court's reasons for the sentence it imposed, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). For sentences within the guidelines range, little explanation is necessary; however, when parties present nonfrivolous arguments for imposing a different sentence, "the judge will normally go further and explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 356-57 (2007).

The district court did not plainly err with respect to the sufficiency of its explanation for its denial of the downward variance; the court considered Zuniga-Medrano's arguments for a sentence below the guidelines range, including his request for a downward variance based on sentencing manipulation. When imposing the 46-month sentence, the district court expressly noted that it had imposed a lenient sentence in a prior case, that Zuniga-Medrano had reoffended despite that leniency, and that it had "factored everything in" when denying his request for a downward variance. Thus, the record reflects that the court considered all the evidence and arguments but simply found the circumstances insufficient to warrant a lesser sentence in light of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors. *See Rita*, 551 U.S. at 358-59.

With respect to Zuniga-Medrano's argument that the district court imposed a greater sentence than necessary because it did not consider the impact of sentencing manipulation, we review the sentence for reasonableness in light of the sentencing factors in § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007). Because Zuniga-Medrano's claim is unavailing under both the abuse of discretion and plain error standards of review, we need not

determine which standard applies in this case. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Zuniga-Medrano argues that his sentence was manipulated because after border patrol agents apprehended him for transporting marijuana, they released him to state authorities for prosecution rather than first prosecuting him for related federal offenses. He asserts that the Government's actions resulted in higher sentencing exposure because the prior state court conviction factored into the calculation of his guidelines range for the underlying offense. We have not decided whether sentencing entrapment or sentencing factor manipulation is a viable defense, and we need not do so here. *See United States v. Stephens*, 717 F.3d 440, 446 (5th Cir. 2013). Even if the defense is viable, Zuniga-Medrano has not shown that he was persuaded to commit a greater offense than he otherwise was predisposed to commit or that the Government's conduct in the instant case was overbearing or outrageous. *See id.*; *United States v. Jones*, 664 F.3d 966, 984 (5th Cir. 2011). He likewise has not shown that his sentence was substantively unreasonable in light of the time he spent in state custody on the state drug conviction. *See Gall*, 552 U.S. at 51.

Finally, Zuniga-Medrano has not shown plain error in connection with his argument that the district court considered an improper sentencing factor, i.e., his broken promise to the district court in a prior case that he would not illegally reenter this country. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 361. The district court's statements show that it implicitly relied on permissible factors, including the nature and circumstances of the offense, Zuniga-Medrano's history and characteristics, and the need for the sentence to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence

No. 18-40921

to his criminal conduct.  *See* § 3553(a)(1), (2); *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

AFFIRMED.